IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ORANGEBURG DIVISION

| | | |
|---|---|---|
| Aetna Life Insurance Company, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT – INTERPLEADER,** |
| | ) | **DECLARTORY JUDGMENT AND OTHER** |
| vs. | ) | **RELIEF** |
| | ) | |
| Sara Lee Corporation, Anice Gartman, Sandra B. Gammons, Janet B. Hughey, Kathy B. Culclasure, and Eddie L. Bolton, | ) | (Non-Jury) |
| | ) | |
| | ) | C.A. No.: _____ |
| | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Aetna Life Insurance Company, complaining of Defendants herein, would respectfully allege and show unto the court as follows:

**GENERAL ALLEGATIONS**

1. Plaintiff, Aetna Life Insurance Company (hereinafter "Aetna" or "Plaintiff") is an insurance company organized under the laws of the State of Connecticut and authorized to conduct business in the State of South Carolina.

2. Upon information and belief, Defendant Sara Lee Corporation (hereinafter "Sara Lee") is a corporation incorporated in the State of Maryland, with a principal place of business in Chicago, Illinois.

3. Upon information and belief, before his death, Fielding L. Bolton, Sr. (hereinafter "Fielding Bolton" or "decedent") was a citizen and resident of Orangeburg County, South Carolina.

4. Upon information and belief, Defendant Anice Gartman (hereinafter "Gartman") is the former girlfriend of Fielding Bolton, and a citizen and resident of Orangeburg County, South Carolina.

5. Upon information and belief, Defendant Sandra B. Gammons (hereinafter "Gammons") is the daughter of Fielding Bolton, and a citizen and resident of Calhoun County, South Carolina.

6. Upon information and belief, Defendant Janet B. Hughey (hereinafter "Hughey") is the daughter of Fielding Bolton, and a citizen and resident of Calhoun County, South Carolina.

7. Upon information and belief, Defendant Kathy B. Culclasure (hereinafter "Culclasure") is the daughter of Fielding Bolton, and is a citizen and resident of Calhoun County, South Carolina.

8. Upon information and belief, Defendant Eddie L. Bolton (hereinafter "Eddie Bolton") is the son of Fielding Bolton, and a citizen and resident of the State of North Carolina.

9. Upon information and belief, Defendants Culclasure and Eddie Bolton are the personal representatives of the Estate of Fielding Bolton (hereinafter "the Estate"), and the Estate has been or is currently being probated in the Orangeburg County Probate Court.

10. Prior to his death, the decedent was an employee of Sara Lee, and as an employee, was an insured participant in a group plan of benefits established by Sara Lee and governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et. seq.* ("ERISA"). The group plan of benefits provided certain life insurance and accidental death and personal loss benefits, which benefits were fully insured by Aetna.

2

**JURISDICTION AND VENUE**

11. The allegations of the previous paragraphs consistent herewith are incorporated by reference.

12. This is an action, in part, for interpleader pursuant to 28 U.S.C. §1335 and for declaratory relief pursuant to 28 U.S.C. § 2201, in which Defendants Gartman, Gammons, Hughey, Culclasure and Eddie Bolton are potentially adverse claimants to proceeds of a group life insurance policy in the total sum of $133,333.20 ($66,666.60 in basic accidental death and dismemberment benefits and $66,666.60 in supplemental accidental death and dismemberment benefits), which Aetna has requested to be deposited into the Court simultaneously with the filing of this Complaint.

13. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1335, as the life insurance proceeds are $75,000.00 or more and two or more adverse claimants, of diverse citizenship, are claiming or may claim to be entitled to the life insurance proceeds that are the subject matter of this action.

14. In addition, this matter arises from a claim for benefits under an ERISA-governed plan and, therefore, federal question jurisdiction also exists pursuant to 29 U.S.C. § 1132 and 28 U.S.C. § 1331.

15. This Court has personal jurisdiction over Defendants Gartman, Gammons, and Hughey, individually, and over Culclasure, both individually and as personal representative of the Estate, as they are citizens and residents of the District of South Carolina.

16. This Court has personal jurisdiction over Defendant Eddie Bolton, both individually and as personal representative of the Estate, pursuant to 28 U.S.C. §2361.

17. Venue is proper in this District pursuant to 28 U.S.C. §1397.

## FOR A FIRST CAUSE OF ACTION
### (Request to pay proceeds into the Court-Interpleader)

18. The allegations of the previous paragraphs consistent herewith are incorporated by reference.

19. Aetna issued a group life insurance policy to Fielding Bolton's employer, Sara Lee, bearing Group Policy Number GP-341400 ("the Plan").

20. Upon information and belief, Fielding Bolton died on January 11, 2007.

21. At the time of his death, Fielding Bolton had $22,200.00 in basic life insurance benefits and $66,600.00 in supplemental life insurance benefits under the Plan. In addition, he had $66,666.60 in basic accidental death and dismemberment benefits and $66,666.60 in supplemental accidental death and dismemberment benefits under the Plan.

22. After Fielding Bolton's death, Defendant Gartman filed a claim with Aetna seeking life insurance and accidental death benefits under the Plan.

23. Sara Lee, who served as the Plan Administrator, maintained all of the documentation regarding beneficiary designations under the Plan. In or around March of 2007, Sara Lee provided documentation to Aetna indicating that Defendant Gartman was the beneficiary of Fielding Bolton's basic life insurance benefits. As such, on or about March 27, 2007, Aetna paid $22,200.00 in basic life insurance benefits to Defendant Gartman.

24. Sara Lee also advised Aetna that there were no beneficiaries on file for Fielding Bolton's supplemental life insurance benefits. As such, under the terms of the Plan, Aetna paid the $66,600.00 in supplemental life insurance benefits in equal shares to Fielding Bolton's surviving children. Specifically, on or about August 21, 2007, Defendants Gammons, Hughey, Culclasure and Eddie Bolton were each paid $17,540.00 ($16,650.00 of which represented their share of the supplemental life insurance benefits plus $890.00 in interest).

25. After paying the basic and supplemental life insurance benefits under the Plan, and while investigating the death of Fielding Bolton to verify that the death was the result of an accident as required under the accidental death policy, Aetna learned that Defendant Gartman claimed to be the sole beneficiary to all of the benefits under the Plan.

26. Under the terms of the Plan, however, in the absence of a named beneficiary, the benefits must be paid to Fielding Bolton's children, Defendants Gammons, Hughey, Culclasure and Eddie Bolton.

27. Gartman and the decedent's children have potentially competing claims for benefits under the Plan and such claims are in conflict with each other. Because of this conflict, Aetna has not paid any of the accidental death benefits payable under the Plan. In the absence of an adjudication of the proper beneficiaries, Aetna cannot determine to whom the remaining benefits should be paid.

28. Therefore, Aetna alleges that it is entitled to (1) pay the accidental death benefits (basic and supplemental) into the Court pursuant to 28 U.S.C. §1335; and (2) be discharged from any other and further liability to Defendants or any other claimants or potential claimants under the Plan. Aetna further alleges that upon payment of the benefits of the Plan into the Court and upon its discharge and release from any other and further liability to any parties or claimants under the Plan, the Court shall make a determination as to which Defendants are entitled to recover the benefits and shall order disbursement of the proceeds in accordance with its determination.

## FOR A SECOND CAUSE OF ACTION
### (Declaratory Relief)

29. The allegations of the previous paragraphs consistent herewith are incorporated by reference.

30. This claim is brought pursuant to the provisions of 28 U.S.C. § 2201.

31. As set forth above, Aetna insured a group plan of life insurance sponsored and maintained by Sara Lee.

32. The Plan applicable to the life insurance at issue as a result of Fielding Bolton's death provides in relevant part as follows:

> Any amount payable to a beneficiary will be paid to those you name. Unless you state to the contrary, if more than one beneficiary is named, they will share on equal terms.
> . . .
>
> If no named beneficiary survives you or if no beneficiary has been named, payment will be made as follows to those who survive you:
>
> - Your spouse, if any.
> - *If there is no spouse, in equal shares to your children.*
> - If there is no spouse or child, to your parents, equally or to the survivor.
> - If there is no spouse, child, or parent, in equal shares to your brothers and sisters.
> - If none of the above survives, to your executors or administrators.

(emphasis added).

33. As stated in paragraph 23 above, the information Sara Lee provided to Aetna indicated that Defendant Gartman was the named beneficiary for Fielding Bolton's basic life insurance benefits. As such, Aetna paid $22,200.00 in basic life insurance benefits to Defendant Gartman.

34. As stated in paragraph 24 above, Sara Lee also advised Aetna that there were no beneficiaries named for Fielding Bolton's supplemental life insurance benefits. As such, Aetna

paid $66,600.00 in supplemental life insurance benefits in equal shares of $16,650 to Defendants Gammons, Hughey, Culclasure and Eddie Bolton.

35. Aetna's payment of supplemental benefits in equal shares to the decedent's surviving children is consistent with the Plan provision governing how benefits are to be paid when no beneficiary is named.

36. Defendant Gartman now claims, however, that she is entitled to receive all of the life insurance benefits under the Plan.

37. A justiciable controversy exists between the parties as to who is entitled to receive benefits under the Plan. Aetna alleges that as Defendant Gartman was the named beneficiary for the basic life insurance benefits, those benefits have been properly paid to her in accordance with the provisions of the Plan, and none of the other Defendants are entitled to receive basic life insurance benefits. Aetna further alleges that the supplemental life insurance benefits were properly paid to Defendants Gammons, Hughey, Culclasure and Eddie Bolton as no beneficiary was named by the decedent for those benefits and, therefore, Defendant Gartman is not entitled to receive supplemental life insurance benefits under the Plan.

38. Aetna asks this Court to construe and determine the rights of the parties with respect to the basic and supplemental life insurance benefits and to declare that Aetna properly paid those benefits to Defendant Gartman and Defendants Gammons, Hughey, Culclasure and Eddie Bolton, respectively, and that Aetna is not required to pay any additional amount of basic or supplemental life insurance benefits, arising out of Fielding Bolton's death, under the terms and conditions of the Plan.

### FOR A THIRD CAUSE OF ACTION
### (Unjust Enrichment - Defendants Gammons, Hughey, Culclasure and Eddie Bolton)

39. The allegations of the previous paragraphs consistent herewith are incorporated by reference.

40. After receiving notification of Fielding Bolton's death, Aetna reviewed the beneficiary designations provided by Sara Lee for the life insurance benefits and, in accordance with the provisions of the Plan, paid $22,200.00 in basic life insurance benefits to Defendant Gartman and $16,650.00 (plus interest) in supplemental life insurance benefits to each of Defendants Gammons, Hughey, Culclasure and Eddie Bolton.

41. After payment was made, Defendant Gartman contended that she was the sole beneficiary of Fielding Bolton's life insurance benefits under the Plan, including basic and supplemental life insurance benefits and basic and supplemental accidental death and dismemberment benefits. This contention is contrary to the written beneficiary designations provided to Aetna by Sara Lee.

42. In the event the Court determines that the supplemental life insurance benefits at issue were mistakenly paid to Defendants Gammons, Hughey, Culclasure and Eddie Bolton, and that Aetna must pay those sums to Defendant Gartman, Defendants Gammons, Hughey, Culclasure and Eddie Bolton will be unjustly enriched at the expense of Aetna and Aetna is entitled to recover those benefits paid to them under 29 U.S.C. § 1132(a)(3) and the common law.

### FOR A FOURTH CAUSE OF ACTION
### (Indemnification – Defendant Sara Lee)

43. The allegations of the previous paragraphs consistent herewith are incorporated by reference.

44. The Plan provides in relevant part as follows:

**Beneficiaries**
You may name or change your beneficiary by filing written request at your Employer's headquarters or at Aetna's Home Office. Ask your Employer for the forms. The naming or any change will take effect as of the date you execute the request. Aetna will be fully discharged of its duties as to any payment made by it before your request is received at its Home Office.

45. Aetna did not handle or maintain any beneficiary designations or change of beneficiary designations. Rather, Sara Lee provided the beneficiary designations to Aetna and Aetna relied on the information provided by Sara Lee in disbursing life insurance and accidental death and dismemberment benefits under the Plan.

46. The only written designation Aetna received in connection with the benefits at issue in this case was the documentation Sara Lee provided indicating that Defendant Gartman was designated as the beneficiary of Fielding Bolton's basic life insurance benefits.

47. Having paid the basic and supplemental life insurance benefits in accordance with the beneficiary designations received by it, Aetna is fully discharged of its duties as to any payments made by it.

48. In the event the Court determines that any of the life insurance benefits (basic or supplemental) were paid in error as a result of information provided by Sara Lee, and to the extent the Defendants are not required to pay restitution to Aetna of the benefits, Sara Lee should be required to indemnify Aetna for any liability resulting from the erroneous payment.

WHEREFORE, Plaintiff prays as follows:

1. With respect to the accidental death and dismemberment benefits at issue, that the Court, pursuant to 28 U.S.C. §1335, allow Plaintiff to pay the accidental death benefits due under the Plan into the Court; that the Court issue an order discharging and relieving Plaintiff from any and all further liability of any type whatsoever arising under the Plan; that the Court determine

the appropriate beneficiaries of the accidental death benefits; and that the Court disburse the benefits under the Plan paid into the Court by Aetna in accordance with its determination of the appropriate beneficiaries of such benefits.

2. With respect to the basic life insurance benefits that have been paid to Defendant Gartman and the supplemental life insurance benefits that have been paid to Defendants Gammons, Hughey, Culclasure and Eddie Bolton, that the Court declare that these benefits were properly paid in accordance with the terms of the Plan, and that no additional life insurance benefits are owed by Aetna to any of the parties to this action.

3. In the alternative, if the Court determines that Defendants Gammons, Hughey, Culclasure and Eddie Bolton received supplemental life insurance benefits in error, Aetna requests that the Court find that these Defendants have been unjustly enriched as a result of the erroneous payment and that the Court order these Defendants to pay restitution to Aetna of the benefits.

4. Alternatively, if the Court determines that the supplemental life insurance benefits were paid to Defendants Gammons, Hughey, Culclasure and Eddie Bolton in error but does not require Defendants to pay restitution to Aetna, Plaintiff prays that the Court issue an order finding that Sara Lee owes a duty to indemnify Aetna for any liability arising from the erroneous payment.

5. Finally, Plaintiff prays for attorney's fees and costs incurred by Aetna in this action and for such other and further relief as this Court deems just and proper.

                                                                                         s/Nicole J. Buntin_____
                                                                                         Jennifer E. Johnsen (#5427)
                                                                                         Nicole Judd Buntin (#9220)
                                                                                         GALLIVAN, WHITE & BOYD, P.A.
                                                                                         55 Beattie Place, Suite 1200
                                                                                         P.O. Box 10589
                                                                                         Greenville, SC 29603
                                                                                        (864) 271-9580

Greenville, South Carolina                           Attorneys for Plaintiff,
                                                                                         Aetna Life Insurance Company

May 22, 2008

11